IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02998-PAB

DANIEL ALEJANDRO HIDALGO PETIT,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Daniel Alejandro Hidalgo Petit's Amended Petition for Writ of Habeas Corpus [Docket No. 8]. Respondents filed a response. Docket No. 19.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela. Docket No. 8 at 3, ¶ 7. On March 28, 2014, petitioner entered the United States on a F-1 student visa. *Id.* at 4, ¶ 8. Petitioner remained in the United States and has filed an application for asylum. *Id.* at 5, ¶ 16. On May 27, 2026, immigration officers followed petitioner as he traveled to work and took him into custody. *Id.* at 6, ¶¶ 20-21. Petitioner was not presented with an arrest warrant at the time of his arrest. *Id.*, ¶ 21.

On September 21, 2026, petitioner filed his amended petition, bringing claims under 28 U.S.C. § 1226 (Count One); for warrantless arrest (Counts Two and Five); and for violation of his Fifth Amendment due process rights (Counts Three and Four). *Id.* at

9-21. Among other forms of relief, petitioner asks that the Court order his immediate release. *See id.* at 23-24. In their response, respondents state that they "are not submitting a brief in opposition to the Petition." Docket No. 19 at 2.

## II. ANALYSIS

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Thus, his detention is governed by § 1226(a).

Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Petitioner was arrested on May 27, 2026. Docket No. 8 at 6, ¶¶ 19-21. The I-200 Warrant provided by respondents is also dated May 27, 2026. Docket No. 19-2. The court in *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1226 (D. Colo. 2025), "rejected the notion that an I-200 warrant issued either after or concurrent with an arrest without an assessment of individual flight risk transforms an unlawful warrantless arrest into a lawful, warranted one." (citations omitted). Based on the date of the I-200 Warrant, it appears that the I-200 Warrant was issued either concurrently or after petitioner's arrest. Although the I-200 Warrant says it was served upon petitioner at 8:54 a.m., there is no indication as to what time the warrant was issued by respondents. Furthermore, respondents provide no response to petitioner's assertion that the I-200 Warrant was not served upon him. *See* Docket No. 8 at 6, ¶ 21. Thus, the Court finds

that petitioner was not arrested pursuant to a valid warrant. *See Jorge A.-G. v. Bondi*, 2026 WL 444682, at *2 (D. Minn. Feb. 17, 2026) (finding that the I-200 Warrant was invalid and ordering petitioner's release where the "attached warrant is dated February 10, 2026, the same day as [petitioner's] arrest, but absent a time-stamp or any explanatory declaration testimony, there is no indication whether the warrant was issued prior to, or after, [petitioner's] arrest"); *Lazarte v. Venturella*, 2026 WL 2581945, at *3 (N.D.N.Y. Sept. 1, 2026) ("As petitioner points out, the Form I-200 identifies no time of issuance, and respondents have submitted no evidence establishing that the warrant preceded petitioner's arrest. Thus, although the record contains an I-200 bearing the date of petitioner's arrest, the Court cannot conclude from the present submissions that a warrant satisfying § 1226(a) existed at the time of that arrest.") (internal citation omitted).

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or

> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket Nos. 19. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Vo. v.*

*Baltazar*, 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026) ("the Court respectfully disagrees that a bond hearing is an appropriate remedy when a petitioner is detained without the warrant required by § 1226(a)"); *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Daniel Alejandro Hidalgo Petit's Amended Petition for Writ of Habeas Corpus [Docket No. 8] is **GRANTED**. It is further

**ORDERED** that petitioner's Motion for Temporary Restraining Order [Docket No. 12] is **DENIED as moot**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **4 days** of the issuance of this order.

DATED September 23, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge